

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. S. Foreman
County Auditor
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. O-2315
Re: If the commissioners'
court determines that
a certain purchase was
made as an emergency
and the opinion of the
county auditor con-
flicts therewith, whose
opinion is to govern?

    Your recent request for an opinion of this De-
partment on the questions as are herein stated has been
received.

    We quote from your letter as follows:

    "With reference to the provisions of Ar-
ticle No. 1659, which states: '***In cases
of emergency, purchases not in excess of one
hundred and fifty dollars may be made upon
requisition to be approved by the commission-
ers court, without advertising for competitive
bids', I would appreciate having your opinion
with reference to the following questions:

    "If the Commissioners' Court determines
that a certain purchase was made as an emergency
and the opinion of the County Auditor con-
flicts therewith, that is, he is of the opinion

Honorable E. S. Foreman, Page 2

that such purchase was not an emergency, whose opinion is to govern?

"Is the authority for declaring an emergency and amending the budget or the emergency purchases of materials and supplies not exceeding $150.00 invested in the Commissioners' Court?"

Article 1659, Vernon's Annotated Civil Statutes reads as follows:

"Supplies of every kind, road and bridge material, or any other material, for the use of said county, or any of its officers, departments, or institutions must be purchased on competitive bids, the contract to be awarded to the party who, in the judgment of the commissioners court, has submitted the lowest and best bid. The county auditor shall advertise for a period of two weeks in at least one daily newspaper, published and circulated in the county, for such supplies and material according to specifications, giving in detail what is needed. Such advertisements shall state where the specifications are to be found, and shall give the time and place for receiving such bids. All such competitive bids shall be kept on file by the county auditor as a part of the records of his office, and shall be subject to inspection by any one desiring to see them. Copies of all bids received shall be furnished by the county auditor to the county judge and to the commissioners court; and when the bids received are not satisfactory to the said judge or county commissioners, the auditor shall reject said bids and re-advertise for new bids. In cases of emergency, purchases not in excess of one hundred and fifty dollars may be made upon requisition to be approved by the commissioners court, without advertising for competitive bids."

Under title 34, Article 1645 to 1676, inclusive, and the amendments thereto, the general duties of the county auditor is to keep an oversight of all of the officers of the county, who may be authorized or required to receive or collect money for the use or belonging to the

Honorable K. S. Foreman, Page 3

county, and to see to the strict enforcement of the law
governing county finances. More specifically, it is his
duty to examine accounts and reports, count cash, pre-
scribe forms and rules to be used in the collection of
county revenues, and receive bids for materials and sup-
plies. He is required to keep enumerated accounts, make
quarterly and annual financial reports to the commission-
ers' court. The county auditor also exercises control
over and has the custody of the records, papers of his
office, and supplies the commissioners' court with such
information concerning the affairs of the county as will
enable that body properly and efficiently to discharge
its duties.

The authority to contract on behalf of the county
is vested alone in the commissioners' court in the absence
of statute authorizing some other agency to contract; and
if an agreement is not made through or sanctioned by such
agency it binds neither the county nor the individual.
Sparks vs. Kaufman County, 194 S. W. 605; Collins County vs.
Schultz, 243 S.W. 609; Presidio County vs. Clarke, 85 S. W.
475; Tex. Jur. Vol. 11, p. 631.

The commissioners' court is charged with the ad-
ministration of county business. Public officers and
governmental and administrative boards possess only such
powers as are expressly conferred upon them by law or are
necessarily implied from the powers so conferred. They
cannot legally perform acts not authorized by existing
law. Tex. Jur. Vol. 34, p. 440-441.

The county auditor is not authorized to deter-
mine whether or not a certain purchase was made as an
emergency, his duties being to examine any account expended
for an emergency as to the correctness of the same and not
whether the emergency existed.

Article 1659, supra, specifically provides that
"In cases of an emergency, purchases not in excess of one
hundred and fifty dollars may be made upon requisition to
be approved by the commissioners court, without advertising
for competitive bids." Clearly under the above mentioned
statutes and authority, the commissioners' court should de-
termine whether an emergency existed or not.

Honorable E. S. Foreman, Page 4

In answer to your first question, you are respectfully advised that it is the opinion of this Department that the discretion of the commissioners' court is not absolute authority to expend county funds in the case of an emergency, and is final, only where the question is debatable or where the existence of an emergency is unquestionable. However, said court has no authority to determine and declare that an emergency exists, and expend county funds therefor, where the facts clearly show the contrary. Said court has no legal authority to declare an emergency and evade the law, where in fact, no emergency exists.

With reference to your second question, you are respectfully advised that it is the opinion of this Department that the authority for declaring an emergency and amending the budget for the emergency purchases of materials and supplies not exceeding one hundred and fifty dollars is vested in the commissioners' court. Article 689a-11 and Article 1659, supra.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:ew

APPROVED JUN 6, 1940

ATTORNEY GENERAL OF TEXAS

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE